**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DANIEL BURGESS, | No. 15-15124 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-01196-GEB-GGH |
| v. | |
| D. L. RUNNELS, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted November 17, 2015
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Christopher Burgess appeals the denial of his petition for habeas relief under

28 U.S.C. § 2254.[1] Burgess's petition challenges his first-degree murder

conviction on the grounds that it was based on insufficient evidence, that he was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] We have jurisdiction under 28 U.S.C. § 2253(c)(1) and 28 U.S.C. § 1291.

prejudiced by prosecutorial misconduct during closing argument, and that he received ineffective assistance of trial counsel. The district court denied Burgess's petition, granting a certificate of appealability ("COA") on his prosecutorial misconduct claim only. *See* 28 U.S.C. § 2253(c)(1)(A). We affirm the district court's denial of habeas relief on Burgess's prosecutorial misconduct claim and decline to expand the certificate of appealability to encompass his other two claims.

1.      We review de novo the district court's denial of Burgess's section 2254 petition. *Hayes v. Ayers*, 632 F.3d 500, 507 (9th Cir. 2011) (citing *Tilcock v. Budge*, 538 F.3d 1138, 1143 (9th Cir. 2008)). In order to prevail, Burgess must demonstrate that the Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal Law." 28 U.S.C. § 2254(d)(1). He must also demonstrate that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). We look to the last reasoned state court decision to evaluate Burgess's claims; here, the decision of the California Court of Appeal. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see generally Harrington v. Richter*, 562 U.S. 586 (2011).

**2.**     During closing rebuttal argument, the prosecutor displayed a photo of the victim at Christmas, noted that the victim would never experience another Christmas, and delivered a speech analogizing the opening of Christmas presents to the medical examiner's autopsy of the victim's body. *People v. Burgess*, No. C032143, slip op. at 10 n.3 (Cal. Ct. App. Mar. 1, 2001). After the prosecutor delivered her rebuttal, court adjourned for the day. *Id.* at 11. The following morning, defense counsel requested that the court admonish the jury not to consider the prosecutor's improper argument. The trial court denied defense counsel's request, but it modified its final instruction to admonish the jury to disregard arguments designed to arouse sympathy, passion, or prejudice. *Id.*

**3.**     Even assuming the prosecutor's "Christmas speech" was an improper appeal to the jury's passions and biases, improper argument, by itself, does not violate a defendant's constitutional rights. *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir. 1996) (internal citations omitted). As noted, prosecutorial misconduct rises to a constitutional violation only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker*, 132 S. Ct. at 2153; *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The Supreme Court has instructed federal courts to evaluate the alleged misconduct in the context of the entire proceedings and to consider whether the prosecutor manipulated or misstated

3

evidence; whether her comments implicated other specific rights of the accused; whether the objectionable content was invited or provoked by defense counsel's argument; whether the trial court admonished the jurors; and the weight of the evidence against the defendant. *See Darden*, 477 U.S. at 181.

4. Applying those factors, Burgess has not demonstrated that the prosecutor's Christmas Speech rendered his trial "fundamentally unfair" such that his conviction violates due process. The prosecutor's comments did not misstate the evidence or implicate Burgess's other specific rights. Further, the court modified its final jury instruction to address defense counsel's objection. Finally, the trial evidence of Burgess's conduct and the victim's injuries was sufficient to support conviction beyond a reasonable doubt. *Burgess*, slip op. at 3–7. Viewing the trial evidence and drawing all inferences in the light most favorable to the prosecution, a rational factfinder could have found beyond a reasonable doubt the essential elements of first-degree murder under a torture-murder theory. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *People v. Streeter*, 54 Cal.4th 205, 237–38 (2012) (explaining the prosecutor's burden of proof for first-degree murder by torture under California law). In light of the record evidence, Burgess has not demonstrated that the Christmas Speech so infected the trial that it rendered his first-degree murder conviction a denial of due process. *Parker*, 132 S. Ct. at 2153.

4

**5.** When a petitioner submits a brief addressing uncertified issues, we may construe the inclusion of those issues as a request to expand the scope of the COA. *Delgadillo v. Woodford*, 527 F.3d 919, 930 (9th Cir. 2008) (internal citation omitted). In order to expand a COA, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Burgess has not demonstrated that reasonable jurists would find the district court's assessment of his sufficiency of the evidence and ineffective assistance of trial counsel claims debatable or wrong. Accordingly, we decline to expand the COA.

**6.** The judgment of the district court denying Burgess's habeas petition is **AFFIRMED**.